UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANTIK T. SMITH,<br><br>Plaintiff,<br><br>-against-<br><br>DISTRICT ATTORNEY'S OFFICE, ASSISTANT DISTRICT ATTRONEY'S OF COUNSEL ALVIN L. BRAGG JR.; WILLIAM SALTER; DET. RHYAN NELSON #6861,<br><br>Defendants. | 1:26-CV-6313 (ALC)<br><br>ORDER OF SERVICE |

ANDREW L. CARTER JR., United States District Judge:

Plaintiff Shantik T. Smith, who is currently incarcerated in the Franklin Correctional Facility,[1] brings this *pro se* action asserting claims of federal constitutional violations and seeking damages. He sues: (1) "District Attorney's Office, Assistant Att[o]rney's of Counsel Alvin L. Bragg, Jr.," which appears to be a reference to New York County District Attorney Alvin Bragg; (2) New York County Assistant District Attorney William Salter; and (3) New York City Police Department Detective Rhyan Nelson. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 against Bragg and Salter, and claims under Section 1983 and under state law against Nelson.

By order dated August 10, 2026, the court granted Plaintiff's request to proceed without prepayment of fees, that is, leave to proceed *in forma pauperis* ("IFP").[2] For the reasons set forth

---

[1] Plaintiff filed the complaint commencing this action while held in the West Facility on Rikers Island.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

below, the Court dismisses Plaintiff's claims under Section 1983 against Bragg and Salter. The Court requests that Detective Nelson waive service of a summons.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A. Claims under 42 U.S.C. § 1983 against District Attorney Bragg and Assistant District Attorney Salter**

Plaintiff asserts claims for damages under 42 U.S.C. § 1983 against District Attorney Bragg and Assistant District Attorney Salter, arising from their prosecution of Plaintiff in the New York Supreme Court, New York County, including their efforts to seek an indictment from a grand jury. The Court must dismiss such claims under the doctrine of prosecutorial immunity. Under this doctrine, prosecutors are immune from individual-capacity civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not

investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). This immunity applies to, among other prosecutorial actions, the decision of whether to prosecute someone. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). It also includes, "presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions." *Id.* Thus, "absolute immunity shields [prosecutors] from suit pursuant to [Section] 1983 for their alleged . . . misconduct in the presentation of evidence to . . . grand juries." *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 505 (2d Cir. 2004). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity).

Here, Plaintiff's claims under Sections 1983 against Bragg and Salter are based on their decision as to whether to criminally prosecute Plaintiff and their alleged misconduct in presenting evidence to a grand jury (*see* ECF 1, at 5, 7-8), which are actions covered by the doctrine of prosecutorial immunity, *see Simon*, 727 F.3d at 171; *Bernard*, 356 F.3d at 505. The Court therefore dismisses Plaintiff's claims under Sections 1983 for damages against Bragg and Salter under the doctrine of prosecutorial immunity, for seeking monetary relief from Defendants

who are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding, for the purposes of the IFP statute, that a claim dismissed under the doctrine of prosecutorial immunity is deemed frivolous).

**B. Request for Nelson to waive service of a summons**

The Court directs the Clerk of Court to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Detective Rhyan Nelson (Badge No. 6861) waive service of a summons.

**C. City Bar Justice Center**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil actions filed in this court. The clinic is operated by a private organization called the City Bar Justice Center (CBJC); it is not part of, or operated by, the court. An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court construes Plaintiff's complaint as asserting clams against Defendants Bragg and Salter under 42 U.S.C. § 1983. The Court dismisses those claims, under the doctrine of prosecutorial immunity, for seeking monetary relief from Defendants who are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i). The Court thus directs the Clerk of Court to terminate Bragg and Salter as Defendants.

The Court also directs the Clerk of Court to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that Detective Rhyan Nelson (Badge No. 6861) waive service of a summons.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 28, 2026
New York, New York



ANDREW L. CARTER JR.
United States District Judge

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

# LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

## I. LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.
- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.
- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.
- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.
- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.
- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV. COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V. CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI. REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

______________________________ ______________________
Signature Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: ______________________ Date of Birth: ______________________

Facility: ______________________ Identification #______________________

**How did you hear about our clinic? (circle one)**

| | | |
|---|---|---|
| Pro Se Intake Office | Website | Conference/Hearing with the Judge |
| Pro Se Information Package | Friend/Family | Order/Letter from the Judge |

Other: ______________________________________________

**Do you already have an open case with the federal court? (circle one)** Yes No

**If yes, what is your case number?** ______________________________

**If yes, which courthouse is it in? (circle one)** Manhattan White Plains

**Ethnicity? (circle one)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| Black | Middle Eastern | Decline to answer |
| African | Caribbean | Other:____________ |
| Native American | South Asian | |

**Gender?** ______________________________________

**Education level? (circle one)**

| | | |
|---|---|---|
| 8th grade or less | GED | 2-4 years of college/vocational school |
| Some high school | College graduate | Decline to answer |
| High school graduate | Graduate degree | |

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

| | | |
|---|---|---|
| U.S. citizen (born in U.S.) | Naturalized U.S. citizen (Born in:________________) | Legal Permanent Resident |
| No lawful status | Decline to answer | Other:________________ |

**Marital status? (circle one)**

| | |
|---|---|
| Single | Married |
| Divorced | Separated |
| Widowed | Decline to answer |

**Do you have a disability? (circle all that apply)**

| | | |
|---|---|---|
| No | Mental health | Vision |
| Hearing | Mobility | Memory |
| Homebound | Decline to answer | Other:________________ |

**What is your primary language?** ________________________________________

**LGBTQ+? (circle one)** Yes No Decline to answer

**Veteran?** ____________________________________________

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**

Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including mediation)